101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rufus T. McPHERSON, Plaintiff-Appellant,
v.
NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Defendant-Appellee.
 Nos. 95-9195, 95-9196.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANT: Rufus T. McPherson, Pro Se, New York, NY.
 APPEARING FOR APPELLEE: Joseph I. Lauer, Assistant Corporation Counsel, The City of New York, NY.
 S.D.N.Y.
 DISMISSED.
 Present: CARDAMONE, ALTIMARI, PARKER, Circuit Judges.
 Rufus T. McPherson, proceeding pro se and in forma pauperis, appeals from two judgments of the United States District Court for the Southern District of New York (Cote, J.), issued after a jury trial dismissing his complaints filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).
 
 
 1
 On March 9, 1994, McPherson filed an amended complaint against his employer, the New York City Health and Hospitals Corporation ("NYCHHC"), through appointed counsel. The complaint alleged that NYCHHC had discriminated against McPherson on the basis of his race, and in retaliation for the filing of charges with the Equal Employment Opportunity Commission, in violation of Title VII and New York Executive Law § 296. It also stated a claim of intentional infliction of emotional distress.
 
 
 2
 The district court granted defendant's motion for summary judgment on both of McPherson's state law claims. However, the court allowed McPherson to proceed on his Title VII claims. A trial was held from October 16-19, 1995. McPherson was given an advisory jury for his pre-November 21, 1991 claims, and a jury trial for his post-November 21, 1991 claims. An audio tape was made of the proceedings, but, according to appellee, only the opening arguments were transcribed.
 
 
 3
 Following the trial, and on the basis of a special verdict, the jury found that NYCHHC had neither intentionally discriminated nor retaliated against McPherson and rendered a verdict in favor of NYCHHC on all post-November 21 claims. The district court granted judgment on all pre-November 21, 1991 claims.
 
 
 4
 On appeal, McPherson challenges generally the dismissal of his actions, contesting the credibility of the witnesses, and the district court's findings of facts and conclusions of law.
 
 
 5
 Federal Rule of Appellate Procedure 10(b)(2) provides that an appellant who intends to argue on appeal that a finding or conclusion is unsupported by the evidence must provide the Court with a transcript of the evidence relevant to such finding or conclusion. In this case, there is no indication that the pro se appellant either requested a transcript or was notified that he was obliged to do so.
 
 
 6
 Without a transcript, we are unable to review the claims raised by McPherson in any meaningful way. For this reason, we dismiss the appeal without prejudice to reinstatement on motion and instruct McPherson to provide the court with the relevant portions of the transcript, or, in the alternative, to file a motion in the district court for a free transcript.
 
 
 7
 The appeal is dismissed without prejudice.